UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

NATIONAL ASSOCIATION FOR            CIVIL ACTION NO.  6:23-CV-01463
THE ADVANCEMENT OF COLORED
PEOPLE, VERMILION PARISH
CHAPTER

VERSUS                              JUDGE ROBERT R. SUMMERHAYS

CITY OF ABBEVILLE                   MAGISTRATE JUDGE DAVID J. AYO

## MEMORANDUM RULING

Before the Court is MOTION TO STRIKE ALLEGATIONS AGAINST JORDAN HENAGAN [Doc. 76] filed by Defendant City of Abbeville.  Plaintiff National Association for the Advancement of Colored People, Vermilion Parish Chapter (NAACP) filed an opposition [Doc. 82] to which the City replied [Doc. 86].  For the reasons below, the motion is DENIED.

## Factual and Procedural Background

On October 17, 2023, the NAACP filed suit against the City, alleging that the electoral districting map established by Ordinance 22-12, which the Abbeville City Council passed unanimously on December 20, 2022, constituted a prima facie violation of the 14th Amendment's One Person One Vote requirement.  [Doc. 1].  Following a settlement conference before the undersigned, the City agreed to redistrict and approved a new electoral districting map on September 16, 2025 [Doc. 87 at ¶¶48-49, 104], remedying any alleged One Person One Vote violation and rendering the City's original allegations moot.

On October 15, 2025, the NAACP filed Plaintiff's Motion to Seek Leave to File Supplemental Complaint in order to allege an additional violation that occurred subsequent to the filing of its original complaint.  [Doc. 64].  The Court granted the motion, and the NAACP's Supplemental Complaint was docketed.  [Doc. 87].  In the Supplemental

Complaint, the NAACP alleges that the 2026 map cannot pass strict scrutiny muster and is, thus, violative of the 14th Amendment's prohibition on race-based redistricting. *Id.*

On March 20, 2026, the City filed the instant motion, seeking to have any reference to and allegation against Jordan Henagan, counsel for the City, stricken from the Complaint as immaterial, impertinent, prejudicial, and scandalous. [Doc. 76]. Specifically, the City seeks to have the following allegations stricken:

> 1. Paragraph 54 alleges that Ms. Henagan "presented the city's new map, and that she explained that the map was "within a permissible 'deviation' and 'complies with all of the other principles that are looked at in redistricting.'"
> 2. Paragraphs 56 and 62 allege that Ms. Henagan "minimized" the city's constitutional obligations by characterizing packing and cracking as buzzwords and stating that they are "irrelevant" here.
> 3. Paragraphs 68 and 70 allege that Ms. Henagan stated the Vermilion NAACP map could be interpreted as gerrymandering, and did not explain the basics of "community of interest."
> 4. Paragraph 73 alleges that Ms. Henagan stated the Vermilion NAACP map did not consider the traditional redistricting principles without defining which principle was at issue.
> 5. Paragraph 74 alleges that Ms. Henagan assured the Council that concerns regarding District D being packed were invalid.
> 6. Paragraph 75 alleges that Ms. Henagan worked together with consultants in coming up with additional options and looked at traditional redistricting principles (including compactness; contiguity; and whether they split communities of interest).
> 7. Paragraph 78 alleges that Ms. Henagan responded to a councilman that the Vermilion NAACP ignores other considerations that go into redistricting.
> 8. Paragraph 79 alleges that Ms. Henagan stated the SPLC map splits communities of interest, mentioned the Martin Luther King Corridor, stated the map unnecessarily takes from all districts and puts it in another district, and stated the map was trying to "backdoor" a "majority-minority district."
> 9. Paragraph 80 alleges that Ms. Henagan stated Abbeville's map minimally moves what needs to be moved without disturbing communities of interest."

[Doc. 76-1 at pp. 1-3].

### Law & Analysis

A court may strike any "redundant, immaterial, impertinent, or scandalous matter" from a pleading. Fed. R. Civ. P. 12(f). A motion to strike under Rule 12(f) "is a drastic remedy to be resorted to only when required for the purposes of justice." *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962); *see also Kaiser*

*Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982). Motions to strike are, therefore, disfavored and infrequently granted by courts. *Marceaux v. Lafayette Consol. Gov't*, 2012 WL 5197667 (W.D. La. 2012) (citing C. Wright & A. Miller, 5C Fed. Prac. & Proc.3d § 1380).

A motion to strike based on immateriality and/or impertinence should be granted only when the pleading to be stricken has no possible relation to the subject matter of the controversy. *Augustus*, 306 F.2d at 868. Disputed matters that are relevant to the controversy at issue and are minimally supported in the record should not be stricken as scandalous merely because they might "offend the sensibilities" of an opposing party. *United States v. Coney*, 689 F.3d 365, 379-80 (5th Cir. 2012) (citations omitted).

In the instant motion, the City argues that the allegations it seeks to strike are immaterial because Henagan "did not cast vote on the new map" and "was merely present at the council meetings in her role as counsel and advocate for the City of Abbeville." [Doc. 76-1 at p. 6]. The City characterizes the allegations referring to Henegan as impermissibly personally attacking Henagan, as impertinent as having "little to no relevance to this suit," and as "scandalous, since they improperly cast [Henagan] in an unfavorable light by cherry picking words used during several public meeting to imply an improper racial motivation in the legislative process." *Id*.

The discussions held during the council meeting regarding the propriety of and reasoning behind the 2026 map are relevant to the issue of whether the map can pass scrutiny. Therefore, this Court finds that the allegations regarding Henagan's statements advising the council and discussing the map are not immaterial or impertinent under the strict standard applicable to motions to strike. Furthermore, though the allegations regarding Henagan may paint her in a light which she deems unfavorable and, therefore, offend the sensibilities, they are not so scandalous that this Court could strike them.

## Conclusion

For the foregoing reasons, the MOTION TO STRIKE ALLEGATIONS AGAINST JORDAN HENAGAN [Doc. 76] filed by Defendant City of Abbeville is DENIED.

SO ORDERED this 25th day of June, 2026 at Lafayette, Louisiana.

_____
DAVID J. AYO
UNITED STATES MAGISTRATE JUDGE