**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

**NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, VERMILION PARISH CHAPTER**

**CIVIL ACTION NO. 6:23-CV-01463**

**VERSUS**

**JUDGE ROBERT R. SUMMERHAYS**

**CITY OF ABBEVILLE**

**MAGISTRATE JUDGE DAVID J. AYO**

## REPORT AND RECOMMENDATION

Before the Court is DEFENDANT'S MOTIONS TO DISMISS PURSUANT TO FRCP 12(B)(1) AND FRCP 12(B)(6) [Doc. 75] filed by Defendant City of Abbeville. Plaintiff National Association for the Advancement of Colored People, Vermilion Parish Chapter (NAACP) filed an opposition [Doc. 81] to which the City replied [Doc. 85]. For the reasons below, the undersigned recommends that the motion be DENIED.

## Factual and Procedural Background

On October 17, 2023, the NAACP filed suit against the City alleging that the electoral districting map established by Ordinance 22-12, which the Abbeville City Council passed unanimously on December 20, 2022, constituted a *prima facie* violation of the 14th Amendment's One Person One Vote requirement. [Doc. 1]. Following a settlement conference before the undersigned, the City agreed to redistrict and approved a new electoral districting map on September 16, 2025 [Doc. 87 at ¶¶48-49, 104], remedying the alleged One-Person, One-Vote violation and rendering such allegations moot.

On October 15, 2025, the NAACP filed PLAINTIFF'S MOTION TO SEEK LEAVE TO FILE SUPPLEMENTAL COMPLAINT in order to allege a claim for gerrymandering of the September 16, 2025 map in violation of the 14th Amendment's prohibition on race-based redistricting.

[Doc. 64]. The undersigned granted the motion, and the NAACP's Supplemental Complaint was docketed. [Doc. 87].[1]

In the instant motion, the City seeks dismissal of the Supplemental Complaint, arguing that the NAACP failed to raise its gerrymandering claim timely, [Doc. 75-1 at pp. 3-10] an issue which, at the outset, this Court notes has already been resolved. [Doc. 72]. The City also seeks dismissal of claims that are not asserted in the Supplemental Complaint. [Doc. 75-1 at pp. 1-3].

**<u>Law & Analysis</u>**

*i. Motion to Dismiss One Person One Vote Claim(s)*

"It is well-settled in the Fifth Circuit that an amended complaint supersedes ... [an] original complaint, and the original complaint has no legal effect, except to the extent that it is incorporated by reference into the amended complaint." *Freilich v. Green Energy Resources, Inc.*, 297 F.R.D. 277, 282-83 (W.D. Tex. 2014) (citing *Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (noting that Fifth Circuit jurisprudence consistently holds that an amended complaint supersedes an original complaint)). "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (emphasis added; citation omitted). *Sargent v. Larpenter*, 2017 WL 550594 (E.D. La. 2017). The instant Supplemental Complaint does not specifically adopt or incorporate the original Complaint. [Doc. 87]. As the City asserts, the NAACP has "admitted that the City's adoption of the map on September 16, 2025, cured its [One Person One Vote] claim." [Doc. 75-1 at pp. 3-4]. The City does not point to, nor does this Court find, any specific allegation or even a suggestion that the NAACP seeks to raise

[1] Due to a clerical oversight during docketing, the Supplemental Complaint was not immediately docketed upon entry of the ruling granting leave to file it. The instant motion was directed to the proposed pleading, which was the proper course of action for the City at the time.

a One Person One Vote claim in the Supplemental Complaint. Because the Supplemental Complaint supersedes the original Complaint, rendering the original Complaint of no legal effect, and the NAACP does not raise any specific One Person One Vote claim in the Supplemental Complaint, there is no claim for this Court to dismiss. Accordingly, the undersigned recommends that the City's motion to dismiss any One Person One Vote claim be denied.

*ii. Failure to State a Claim*

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must limit itself to the contents of the pleadings, including any attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, conclusory allegations and unwarranted deductions of fact are not accepted as true. *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*, 127 U.S. at 570. The allegations must be sufficient "to raise a right to relief above the speculative level," and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion

[of] a legally cognizable right of action." *Id.* at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. The Court does not accept conclusory allegations, unwarranted factual inferences, or legal conclusions that are not supported by factual allegations in its determination of facial plausibility. *Id.*

Although prescription is an affirmative defense, a Rule 12(b)(6) motion to dismiss may be granted on the basis of prescription if the untimeliness appears from the face of the complaint. *Songbyrd, Inc. v. Bearsville Records, Inc.*, 104 F.3d 773, 775 n.3 (5th Cir.1997). Therefore, "[a] Rule 12(b)(6) motion to dismiss for failure to state a claim is an appropriate method for raising a statute of limitations defense." *Bowers v. Nicholson*, 271 F. App'x 446, 449 (5th Cir. 2008).

In the instant motion, the City stated that "Plaintiff's racial gerrymandering cause of action accrued, and the prescriptive period began, when the City Council enacted Ordinance 22-12 on December 20, 2022. Plaintiff had sufficient knowledge of the facts to allege a racial gerrymander of District D in the initial Complaint filed on October 23, 2023. Plaintiff made the strategic litigation decision not to assert the cause of action in the initial Complaint, and the cause of action has now prescribed." [Doc. 75-1 at p. 3]. As this Court has stated, "Plaintiff's objection to the new map accrued upon the enactment of the new map and could not have been cured by prior pleadings." [Doc. 72 at p. 3]. The gerrymandering claim in the Supplemental Complaint could not have been brought in the original Complaint, as it arises out of the map enacted on September 16, 2025. Therefore,

the undersigned finds that the NAACP's gerrymandering claim was timely raised and recommends that the City's motion to dismiss same be denied.

## Conclusion

For the foregoing reasons, the undersigned recommends that the DEFENDANT'S MOTIONS TO DISMISS PURSUANT TO FRCP 12(B)(1) AND FRCP 12(B)(6) [Doc. 75] filed by Defendant, the City of Abbeville, be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.

SO ORDERED this 31st day of July, 2026 at Lafayette, Louisiana.

DAVID J. AYO
UNITED STATES MAGISTRATE JUDGE